## HAYDEN INVESTMENT CO. v. MEINERT, etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8464. Decided July 21, 1928.

(Cushing, J., of the 1st Dist., Lemert, J., of the 5th Dist., and Middleton, J., of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**REAL ESTATE.**

(510 L4a) Lease, improperly executed, followed by possession thereunder, creates tenancy only from year to year or month to month, depending upon terms as to payment of rental.

Correspondence which amounts to new agreement, varying terms as to rental, held not to validate lease improperly executed.

Error to Common Pleas.
Judgment affirmed.

Fielder Sanders, Cleveland, for Investment. Co.
S. J. Deutsch, Cleveland, for Meinert, etc.

The parties in this proceeding stand in the same relation here as in the Court of Common Pleas and will be referred to as the plaintiff and the defendant.

The facts in this case are that the plaintiff made a written lease on August 10, 1921, to the defendant of a part of a building located at 1247 Prospect Avenue. Said lease was to continue for a term of five years from September 1, 1921, to August 31, 1926.

The lease aforesaid was not executed or acknowledged as required by law and became and was by reason of that fact wholly inoperative except to create either a tenancy from month to month or a tenancy from year to year.

The defendant took possession of the premises described in said lease and paid as rent therefor at the rate of $275.00 per month until November, 1923, when on the first day of said month he sent to the plaintiff the following letter:

"With reference to the lease between yourself and me on account of business conditions and for no other reason which to submit to you for your consideration the following proposition:

"That your board accept from the time of taking possession under the lease, that the rental be adjusted as follows: $300.00 (three hundred (pro month to first day of June, 1924. From then at the rate of $350.00 (three hundred and fifty) to the expiration of the lease."

In answer to this letter the plaintiff wrote to the defendant on December 24, 1923, as follows:

"Kindly be advised that the rent for premises located at 1247 Prospect Avenue from the beginning of your lease to June 1, 1924, is reduced to three hundred ($300.-00) dollars per month. This however shall in know way affect or change any of the other terms or conditions of the lease."

Two days later, on December 26, the plaintiff wrote the defendant as follows:

"Kindly be advised that the rent for premises located at 1247 Prospect Avenue from the beginning of your lease to June 1, 1924, is reduced to three hundred ($300.00) dollars per month provided the back rental is paid up by January 1, 1924. This however shall in no way effect or change any of the other terms or conditions of the lease."

It appears from the record that the defendant paid rentals until August 31, 1925, when he removed his personal property from said premises and surrendered the same to the plaintiff after notice to it that he had vacated the property.

The plaintiff instituted this action to recover the sum of $475.00 for unpaid rental and $4200.00 damages for the year following the vacation of the premises by the defendant, during which it claimed said property stood vacant. This action by the plaintiff is predicated upon the proposition that the correspondence quoted made a new contract between the parties and that under the terms and conditions of the contract so made by such correspondence it is entitled to a recovery of the amounts demanded. The defendant denies that said correspondence constitutes a new contract between the parties.

MIDDLETON, J.

As before observed, because of the improper execution of the original lease the possession thereunder by the defendant created a tenancy only from year to year or month to month. Under the case of Building Company, v. Watt, 96 OS. 74, whether such tenancy is one from year to year or month to month depends upon the terms as to the payment of rental. In the instant case the instrument provided for the payment of rent monthly and notwithstanding a yearly rental is named we conclude that the tenancy of the defendant under such defective instrument was merely one from month to month. Rex Amusement Company v. Noland,

11 OA. 318. This question, however, is not very material as under the admitted facts the defendant vacated the property at the end of a year and of a month.

Directing attention now to the correspondence which it is contended by the plaintiff made a new contract, it will be observed that the plaintiff accepted the proposal of the defendant upon the express condition that such acceptance "shall in no way affect or change any of the other terms or conditions of the lease." The effect of this acceptance was to limit the new agreement to the amount of rental only and did not in any way change or affect any of the terms and conditions of the lease except as to the amount or monthly rental. Now, as we have already observed, this instrument amounted to nothing more than a lease from month to month. There is nothing in this correspondence, and could be nothing in it, which would make the original lease a valid and binding contract between the parties for a term to expire on the 31st day of August, 1926. It could not by adopting the term named in the original lease change such term to one for five years instead of one for month to month.

The judgment is affirmed.

(Cushing, J., and Lemert, J., concur.)